UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

GODINGER SILVER ART LTD.,                            :
                                                     :
                     Plaintiff,                      :               **REPORT AND**
                                                     :               **RECOMMENDATION**
          -against-                                  :
                                                     :               21 Civ. 2674 (LDH) (VMS)
SHENZEN TANGSON HOUSEWARE CO.,                        :
LTD. d/b/a AMAZON STOREFRONT HOME-                    :
SIGNATURE, LIGHTEN UP LIFE INC.,                     :
                                                     :
                                                     :
                     Defendants.                     :
                                                     :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Godinger Silver Art Ltd. ("Plaintiff") brought this action against Defendant

Light Up Life Inc.[1] (hereafter, "Defendant"), alleging that Defendant (1) infringed on Plaintiff's

patent in violation of 35 U.S.C. § 271[2] ("Count I"); (2) committed federal unfair competition in

violation of 15 U.S.C. § 1125(a)(1)(A)[3] ("Count II"); (3) committed unfair competition under

---

[1] Plaintiff also brought the action against Shenzen Tangson Houseware Co., Ltd., Defendant's parent company, which was dismissed from the action with Plaintiff's consent. See ECF Nos. 1 ¶¶ 3,5; 20.

[2] "Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271.

[3] "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1)(A).

1

New York common law ("Count III"); and (4) violated N.Y. Gen. Bus. Law §§ 349[4] and 350[5] ("Count IV").  See ECF No. 6, passim.  Before the Court is Plaintiff's motion for default judgment against Defendant, which has not appeared.  See ECF No. 13.  The Honorable LaShann DeArcy Hall referred the motion to this Court for a report and recommendation.  For the following reasons, I respectfully recommend that the District Judge grant Plaintiff's motion for default judgment with respect to Count I; deny without prejudice the motion with respect to Counts II, III and IV with leave to replead; and grant a permanent injunction enjoining Defendants from infringing U.S. Patent No. D846,947 (hereafter, "the '947 Patent") in the future.

I.    Background

a.    Plaintiff's Amended Complaint

The following facts are drawn from the docket and Plaintiff's amended complaint.  See ECF No. 6.

Plaintiff, a New York corporation that specializes in crafted silver and crystal goods, is the assignee of the '947 Patent, which patents a drinking glass with a built-in cigar holder.  Id. ¶¶ 2, 11–12.  Among other products, Defendant manufactures, markets and sells the "Lighten Life Cigar Glass," consisting of a drinking glass with built-in cigar holder identical to the '947 Patent.  Id. ¶ 13.  The Lighten Life Cigar Glass comes in a rounded form and semi-circular form, both of which have been sold by Defendant since at least July 14, 2020, and are available for

---

[4] "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."  N.Y. Gen. Bus. Law § 349.

[5] "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."  N.Y. Gen. Bus. Law § 350.

purchase on Amazon.com.  Id. ¶¶ 13–15.  Plaintiff provided side-by-side comparisons of the '947 Patent and both forms of the Lighten Life Cigar Glass.  Id. ¶ 25.

Plaintiff claims that Defendant "ha[s] been aware of the '947 Patent" and "ha[s] continued to infringe . . . with knowledge, understanding and appreciation of the '947 Patent and the rights it bestows upon Plaintiff."  Id. ¶¶ 16–17.  Defendant's continued sale of the Lighten Life Cigar Glass "evidence[s] a willful and wanton disregard of Plaintiff's right vis-à-vis the '947 Patent and a desire to profit, without regard or respect for U.S. patent laws."  Id. ¶ 19. Plaintiff submitted with the amended complaint a copy of the '947 Patent, see ECF No. 6-1; and screenshots of Defendant's Amazon store pages for both forms of the Lighten Life Cigar Glass, see ECF No. 6-2.

### b.  Procedural History

Plaintiff commenced the action against Defendant.  See ECF No. 1.  Plaintiff filed an amended complaint.  See ECF No. 6.  Plaintiff's summons against Defendant was returned executed; Plaintiff provided an affidavit of service indicating that it had delivered the summons and amended complaint to the Office of the Secretary of State of New York.  See ECF No. 10. Defendant did not answer or otherwise respond to the amended complaint.

Plaintiff requested a certificate of default, which the Clerk of Court entered.  See ECF Nos. 11, 12.  Plaintiff filed the instant motion.  See ECF No. 13.  In the motion, Plaintiff seeks a permanent injunction barring Defendant from further infringing the '947 Patent.  See ECF No. 13-1 at 9–11.  Plaintiff requests an inquest to determine monetary damages.  Id. at 11–12. Plaintiff also requests attorney's fees and costs, without specifying a total dollar amount requested or the hours worked by Plaintiff's attorneys.  Id. at 11.

The Court scheduled a telephone conference to discuss the default judgment motion; attempted to invite Defendant to attend by mailing the Order, docket sheet and amended complaint to 228 Park Avenue, Suite #79525, New York, NY 10003, and 1060 Broadway Suite 3000, Albany, NY, 12204; and warned Defendant that failure to participate in the lawsuit may result in a judgment against Defendant.  See ECF No. 14.  Plaintiff filed a certificate of service stating that it served the Order and full docket sheet on Defendant by giving them to the New York Secretary of State.  See ECF No. 15.  The Court's mailings to Defendant's purported Albany address were returned as undeliverable with notations that there was "No Such Customer."  See ECF No. 16.  The Court ordered Plaintiff to provide a valid mailing address for Defendant.  See Dkt. Entry 10/28/2022 Order.

Plaintiff provided information about its service efforts.  See ECF No. 17.  Plaintiff responded that Plaintiff was unable to find a valid mailing address for Defendant.  Id. at 1.  The Park Avenue address had been found in Defendant's 2018 articles of incorporation and 2020 biennial statement with the New York Department of State.  See ECF Nos. 17-1, 17-2.  Plaintiff learned that the Park Avenue address is a rented mailbox at which Defendant is no longer receiving mail as of October 11, 2022.  See ECF Nos. 17 at 1, 17-3.  The Albany address was listed as its address for service of process on Defendant's September 2022 biennial statement with the New York Department of Service.  See ECF No. 17-4.  Plaintiff sent a process server to the Albany address; the process server learned that the Albany address was a secure mail location called Secure Scan, which "make[s] a digital copy of all mail that the recipient receives and then they send them a preview of it and they decide whether . . . they want to accept the mail or not."  See ECF No. 17-5.  The process server noted that the attempted Albany delivery was "unsuccessful."  Id.  The signing incorporator of Defendant's 2018 articles of incorporation,

Yunxiao Zhao, listed 245 E. Main St. # 107, Alhambra, CA 91801 as his address, but it was unclear "whether the Alhambra address has any connection" with Defendant; Plaintiff did not allege that it had attempted mailing to the Alhambra address.  <u>See</u> ECF Nos. 17 at 2; 17-1. Plaintiff argued that it had sufficiently served process on Defendant by delivering the summons and amended complaint to the Secretary of State, and that Defendant's apparent failure to provide accurate information to the Secretary of State did not invalidate service of process.  <u>See</u> ECF No. 17 at 2–4.

Defendants did not attend the Court conference.  <u>See</u> Dkt. Entry 12/21/2022 Order.

## II.    Discussion

### a.  Legal Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure by which a party may obtain a default judgment.  <u>See</u> <u>Bricklayers & Allied Craftworkers Local 2,</u> <u>Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC</u>, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R. Civ. P. 55); <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 95–96 (2d Cir. 1993).  First, if a party has failed to plead or otherwise defend against an action, the Clerk of Court must enter a certificate of default by making a notation on the record.  <u>See</u> Fed. R. Civ. P. 55(a).  Second, after this entry of default, if the defaulting party still fails to appear or move to set aside the default, the court may enter a default judgment if the complaint is well-pleaded. <u>See</u> Fed. R. Civ. P. 55(b).  The trial court has the "sound discretion" to grant or deny a motion for default judgment.  <u>See</u> <u>Enron Oil</u>, 10 F.3d at 95.  In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  <u>Id.</u> at 95–96 (recognizing "the responsibility of the trial court to maintain a balance between clearing its calendar and affording

5

litigants a reasonable chance to be heard").  The court must therefore ensure that the plaintiff

satisfied all required procedural steps in moving for default judgment, see Local Civ. R. 55.2;

and the plaintiff's allegations, when accepted as true, establish liability as a matter of law, see

Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

In considering a motion for default judgment, the court accepts as true all factual

allegations of the complaint, except those relating to damages.  See Bricklayers, 779 F.3d at 189

("[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of

liability, it is not considered an admission of damages.").  Once liability has been established, a

court must "conduct an inquiry in order to ascertain the amount of damages with reasonable

certainty."  Am. Jewish Comm. v. Berman, No. 15 Civ 5983 (LAK) (JLC), 2016 WL 3365313,

at *3 (S.D.N.Y. June 15, 2016) (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d

151, 155 (2d Cir. 1999)), report & recommendation adopted, 2016 WL 4532201 (S.D.N.Y. Aug.

29, 2016).  Entitlement to recovery "must be established by the plaintiff" and requires the

plaintiff to support its claim with sufficient evidence.  Greyhound Exhibitgroup, Inc. v. E.L.U.L.

Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Dunn v. Advanced Credit Recovery Inc., No. 11

Civ. 4023 (PAE) (JLC), 2012 WL 676350, at *2 (S.D.N.Y. Mar. 1, 2012) (holding that a plaintiff

"bears the burden of establishing [its] entitlement to recovery and thus must substantiate [its]

claim with evidence to prove the extent of damages").  The evidence the plaintiff submits must

be admissible.  See Poulos v. City of New York, No. 14 Civ. 3023 (LTS) (BCM), 2018 WL

3750508, at *2 (S.D.N.Y. July 13, 2018), report & recommendation adopted, 2018 WL 3745661

(S.D.N.Y. Aug. 6, 2018).  If a plaintiff's submitted evidence provides a sufficient basis from

which to evaluate the fairness of the requested damages, the court need not conduct an

evidentiary hearing.  See Fustock v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir.

1989); see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (explaining that court may determine appropriate damages based on affidavits and documentary evidence "as long as [the court has] ensured that there [is] a basis for the damages specified in the default judgment") (citation omitted)).

### b.  Service Of The Summons And Complaint

"A plaintiff seeking a default judgment must offer proof of proper service," J&J Sports Prod., Inc. v. Dowling, No. 18 Civ. 5086 (EK) (RML), 2020 WL 7090205, at *2 (E.D.N.Y. Dec. 3, 2020) (citing Fed. R. Civ. P. 4(l)(1)); N.Y. C.P.L.R. § 3215(f)), "which requires the server to 'disclose enough facts to demonstrate validity of service.'"  Dowling, 2020 WL 7090205, at *2 (quoting Wright & Miller § 1130 Return of Service, 4B Fed. Prac. & Proc. Civ. § 1130 (4th Ed.)).  Both federal and New York state law provide that a summons and complaint must both be served for service to be proper.  See Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint. . . . The plaintiff is responsible for having the summons and complaint served within the time allowed . . . and must furnish the necessary copies to the person who makes service."); Fed. R. Civ. P. 4(h)(1)(A)-(B) ("[A] domestic . . . corporation . . . must be served . . . [following state law] or by delivering a copy of the summons and of the complaint to an officer . . . or any other agent authorized by appointment or by law to receive service of process[.]"); N.Y. C.P.L.R. § 306(b)(1) ("Service of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany duplicate copies of such process together with the statutory fee."); Lechase Constr. Servs., LLC

7

v. JM Bus. Assocs. Corp., 121 N.Y.S.3d 479, 481 (4th Dep't 2020) (noting that C.P.L.R. § 306 required delivery of the summons and complaint to the office of the Secretary of State).

Plaintiff provided an affidavit of service stating that it had delivered two copies of the summons and amended complaint to the Secretary of State's office in Albany and paid the statutory fee. See ECF No. 10. "[S]ervice on a corporate defendant is complete once [it] is effectuated through the Secretary of State under N.Y. Bus. Corp. Law § 306(b)(1)." Logan v. World Luxury Cars, Inc., No. 15 Civ. 248 (ENV) (PK), 2023 WL 156878, at *2 (E.D.N.Y. Jan. 11, 2023) (internal quotation marks omitted). It was Defendant's obligation to provide the Secretary of State with a current mailing address. See Logan, 2023 WL 156878, at *2 ("New York law requires corporations to advise the Secretary of State of any change of address, and accordingly, because plaintiff served [defendant] through the Secretary of State, service on that defendant was necessarily proper, regardless of whether the address on file was correct."); Majada Inc. v. E&A RE Cap. Corp., 170 N.Y.S.3d 18, 18 (1st Dep't 2022). Plaintiff's service of process on Defendant through the Secretary of State was sufficient although Defendant failed to keep an updated mailing address. See SP & S Assocs., LLC v. Ins. Co. of Greater New York, 915 N.Y.S.2d 543, 544 (1st Dep't 2011) (holding that "[t]he receipt of service of a personal injury summons with notice by the Secretary of State, as plaintiff's designated agent . . . constituted receipt by the plaintiff itself" even where plaintiff "did not actually receive a copy of the summons . . . due to failure to keep its address current with the Secretary of State" (citing Cedeno v. Wimbledon Bldg. Corp., 615 N.Y.S.2d 40, 40 (1st Dep't 1994)). Nonetheless, Plaintiff did attempt to go beyond service on the Secretary of State. Plaintiff's letter demonstrates its attempts to find a valid mailing address for Defendant to provide to the New York Department of State. See ECF No. 17, 17-1, 17-2, 17-4. The Park Avenue address is a

mailbox no longer accepting mail, whereas the Albany address is for a Secure Scan service that "preview[s]" mail for the Defendant.[6]  See ECF No. 17-3, 17-5.

### c.  Plaintiff Fails To Strictly Comply With Local Civil Rule 55.2

"Where the movant is represented by counsel . . . a motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules." Bhagwat v. Queens Carpet Mall, Inc., No. 14 Civ. 5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015).  Local Rule 55.2(c) requires that:

> all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) above shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court.

Local Civ. R. 55.2(c).  Courts "interpret[] [Local Rule 55.2(c)] to require proof of mailing by affidavit."  Chocolatl v. Rendezvous Café, Inc., No. 18 Civ. 3372 (CBA) (VMS), 2020 WL 3002362, at *3 (E.D.N.Y. Feb. 20, 2020), report & recommendation adopted, 2020 WL 1270891 (E.D.N.Y. Mar. 17, 2020).  Local Rule 1.9 provides that parties may instead submit, inter alia, "a statement subscribed under penalty of perjury as prescribed in 28 U.S.C. § 1746" or "if accepted by the Court as a substitute for an affidavit or a verified statement . . . a statement signed by an attorney or by a party not represented by an attorney pursuant to Federal Rule of Civil Procedure 11."  Local Civ. R. 1.9.  "Proper service of the motion and the accompanying documents on non-

---

[6] It is unclear whether Defendant has actual notice of this action.  Of the two addresses registered with the Secretary of State, the Park Avenue address is not accepting mail and the Albany address leads to the Secure Scan service.  See ECF Nos. 17-3, 17-5.  Plaintiff's process server (who attempted to deliver the docket sheet and the Court's Order setting a default conference) reported that Secure Scan screened Defendant's mail and allowed Defendant to judge whether or not it would receive, which suggests that Defendant may have been made aware of mail sent to the Albany address.  See ECF No. 17-5.  The process server also stated that service was "unsuccessful," and there is no proof on the record that Defendant received the summons, complaint, moving papers or Court Orders associated with this action.  Id.

appearing defendants is essential, because 'mailing notice of such an application is conducive to both fairness and efficiency[.]'" Innovative Sports Mgmt., Inc. v. Triangle Eatery & Bar, LLC, No. 21 Civ. 6909 (AMD) (RER), 2022 WL 18151927, at *10 (E.D.N.Y. Dec. 14, 2022), report & recommendation adopted, 2023 WL 130835 (E.D.N.Y. Jan. 9, 2023) (quoting J & J Sports Prod. Inc. v. RK Soto Enterprises Inc., 17 Civ. 2636 (WFK) (VMS), 2020 WL 7684894, at *7 (E.D.N.Y. Feb. 7, 2020), report & recommendation adopted, 2020 WL 7041089 (E.D.N.Y. Dec. 1, 2020)). "Local Rule 55.2 is strictly construed; failure to comply with its requirements is a basis to deny the motion for default judgment." Umala v. Skylight Holdings Inc., No. 20 Civ. 1176 (EK) (SJB), 2021 WL 7908033, at *4 (E.D.N.Y. Feb. 3, 2021).

Plaintiff did not initially file proof of the mailing of his motion and its accompanying exhibits on the docket or otherwise indicate that the motion papers had been sent to Defendant. The Court ordered Plaintiff to comply with Local Rule 55.2 by Order dated January 20, 2023. Plaintiff complied with the Order by submitting an affidavit of service as to the motion papers showing service by mail on Defendant at the Albany address, which continues to be Defendant's address on file with the New York State Secretary of State. ECF No. 21. Although late, Plaintiff's mailing satisfies the notice requirement of Local Rule 55.2. The Court therefore respectfully recommends that the Court hold that the service requirements have been met.

### d.  Liability

As noted above, entry of a default judgment constitutes admission of all well-pleaded allegations, except those pertaining to the amount of damages. See A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc., 35 F.4th 913, 915 (2d Cir. 2022). "[C]onclusory allegations based on information and belief" will not suffice to support a finding of default-based liability. J & J Sports Prods., Inc. v. Daley, No. 06 Civ. 238 (ERK) (JO), 2007 WL 7135707, at *3–4 (E.D.N.Y.

Feb. 15, 2007), report & recommendation adopted, 2020 WL 041089 (E.D.N.Y. Mar. 20, 2007).

"However, allegations on information and belief may be sufficient to hold defendant individually

liable on default judgment where they state facts primarily within the defendant's knowledge."

Sciascia v. Prime Protective Servs., Inc., No. 13 Civ. 800 (ADS) (AKT), 2014 WL 940721, at *5

(E.D.N.Y. Mar. 11, 2014) (collecting cases).  The Court now reviews whether Plaintiff has

properly pleaded the causes of action.

### i.      Count I: Patent Infringement

Plaintiff alleged patent infringement of the '947 Patent under § 271.  Section 271

provides that "whoever without authority makes, uses, offers to sell, or sells any patented

invention within the United States or imports into the United States any patented invention

during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a).  "Section 271(a)

requires a pleading to: (i) allege ownership of the patent, (ii) name each defendant, (iii) cite the

patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes,

and (v) point to the sections of the patent law invoked." Brydge Techs. LLC v. OGadget LLC,

No. 19 Civ. 5692 (EK) (CLP), 2021 WL 1200316, at *3 (E.D.N.Y. Mar. 4, 2021), report &

recommendation adopted, 2021 WL 1193003 (E.D.N.Y. Mar. 30, 2021) (internal quotation

marks omitted).  The fourth prong is the key factual pleadings requirement that demands that a

plaintiff provide specific information about a defendant's infringement.  Courts have found that

pleadings satisfy the fourth prong of Section 271(a) if the plaintiff alleges that the defendant

advertised and sold a product and, through comparison with plaintiff's patent, that defendant's

product infringed on plaintiff's patent.  See Canon Inc. v. ChengDuXiang, No. 21 Civ. 1215

(KAM) (PK), 2022 WL 5175105, at *5 (E.D.N.Y. Aug. 12, 2022) (holding that plaintiff stated

the means of infringement when it alleged that defendant, "through its . . . storefront on

Amazon.com and without [p]laintiff's consent, infringe[d] on the [patents]" by selling or offering to sell them); Display Techs., LLC v. Leantegra, Inc., No. 20 Civ. 7816 (LJL), 2022 WL 354667, at *4 (S.D.N.Y. Feb. 7, 2022) (holding that plaintiff demonstrated liability when it "identified the [d]efendant through its advertisements and provided screen captures and explanations of the means by which the [d]efendant . . . infringed"); Evriholder Prod. LLC v. Simply LBS Ltd. Co., No. 17 Civ. 4329 (RA) (BCM), 2020 WL 7060336, at *5 (S.D.N.Y. Apr. 21, 2020) (holding that plaintiff stated the means by which defendant infringed by alleging that defendant was "offering for sale, selling, importing, marketing, supporting, and advertising" the infringing product).  For the fifth prong, a plaintiff need not explicitly specify which subsection of Section 271 upon which it relies so long as the reader can make that determination from a close reading of the complaint.  See ChengDuXiang, 2022 WL 5175105, at *5 (holding that although plaintiff "makes no specific mention of Section 271(a)," the court could infer that plaintiff alleged defendant's direct infringement and the complaint therefore "gave [d]efendant adequate notice of the specific section of the patent law invoked"); Symbology Innovations, LLC v. Nat. Nectar Inc., No. 19 Civ. 4474 (LDH) (RER), 2020 WL 9814098, at *3 (E.D.N.Y. Aug. 21, 2020) (holding that plaintiff demonstrated liability where, although plaintiff did not specify a subsection of § 271, "close reading of the [c]omplaint" permitted the court to infer under which subsection plaintiff asserted a claim).

Plaintiff alleged that it was assigned the '947 Patent, which satisfies the first pleading prong.  See ECF No. 6 ¶¶ 11–12; Brydge Techs., 2021 WL 1200316, at *4 (holding that plaintiff demonstrated ownership by alleging it was the assignee of a patent).  As to the second and third prongs, Plaintiff identified the '947 Patent as the one being allegedly infringed by Defendant, see ECF Nos. 6 ¶¶ 16–19, 6-1; and specified that Defendant allegedly engaged in the infringing

conduct, see ECF No. 6 ¶ 21.  As for the fourth prong, Plaintiff alleged that Defendant infringed

on the '947 Patent "through [its] manufacture, sale, importation, offer for sale and/or marketing"

of the Lighten Life Cigar Glass "on Amazon.com, Walmart.com, its website LifeLightenup.com

as well as other online and brick and mortar retail stores."  Id.  Plaintiff provided screenshots of

the Amazon store page on which the Lighten Life Cigar Glass is sold, see ECF No. 6-2, and a

side-by-side comparison of the Lighten Life Cigar Glass and the '947 Patent, see ECF No. 6

¶ 25.  Similar allegations have been found to satisfy the pleadings requirements of § 271.  See

Display Techs., 2022 WL 354667, at *4.  As for the fifth prong, Plaintiff alleged that Defendant

directly infringed on the '947 Patent, which is covered under § 271(a).[7]  See ECF No. 6 ¶ 1; 35

U.S.C. § 271(a); ChengDuXiang, 2022 WL 5175105, at *5.  As Plaintiff satisfied all five prongs

of § 271(a), it is respectfully recommended that the Court grant Plaintiff's motion for a default

judgment against Defendant on liability for patent infringement as to the '947 Patent.

### ii.   Count II: Federal Unfair Competition

Although Plaintiff styled Count II as a "Federal Common Law Unfair Competition"

claim, it stated in the default judgment motion that the claim falls under Section 43(a) of the

Lanham Act, 15 U.S.C. § 1125(a), and that the basis of the claim is the Defendant is "attempting

to pass off . . . the [Lighten Life Cigar Glass] as those approved and/or authorized by Plaintiff"

---

[7] The other subsections of § 271 are inapplicable here.  See Symbology Innovations, 2020 WL
9814098, at *3 (analyzing the complaint to determine under which subsections of § 271 the
plaintiff intended to sue).  Section 271(b) governs induced infringement, in which the defendant
"encourage[d] another's infringement" of a patent.  25 U.S.C. § 271(b).  Plaintiff does not allege
that any other parties aside from Defendant infringed the patent.  Section 271(c) concerns
contributory infringement, in which a defendant is liable if they offer to sell or sell "a component
of a patented machine, manufacture, combination or composition . . . constituting a material part
of [an] invention, knowing the same to be especially made or especially adapted for use in an
infringement" of a patent.  25 U.S.C. § 271(c).  Plaintiff's allegations concern Defendant's direct
infringement of the '947 Patent by selling an identical product, not in selling component parts
that aided in manufacturing an infringing product.

and that "Defendant's use of the '947 Patent is likely to cause confusion among customers."

ECF No. 13-1 at 6.  "[T]here is no specific Federal cause of action for unfair competition.

Instead unfair competition under [Section 43(a) of] the Lanham Act is a category of claims

consisting primarily of causes of action for false designation of origin and false advertising."

Sussman-Automatic Corp. v. Spa World Corp., 15 F. Supp. 3d 258, 272–73 (E.D.N.Y. 2014)

(quoting Pot Luck, LLC v. Freeman, No. 06 Civ. 10195 (DAB), 2009 WL 693611, at *4

(S.D.N.Y. Mar. 10, 2009)).  The Lanham Act provides federal protection for trademarks and

related rights.  See 15 U.S.C. §§ 1114(1)(a)-(b), 1125(a).

 Plaintiff is not precise as to which cause of action it pursues under § 43(a) but appears to

allege false designation of origin in its amended complaint and default motion.  See ECF Nos. 6

¶ 43 ("Defendant['s] use in commerce of the Infringing Products continues to confuse and

deceive customers as to the source of origin of the good and services . . . ."), 13-1 at 6

("Defendant's use of the '947 Patent is likely to cause confusion among customers that Plaintiff

. . . [is] the source of [the Lighten Life Cigar Glass].").  Allegations that a defendant attempted to

"pass[] off" a product as the work of another, as Plaintiff alleged here, are reviewed under the

same standards as false-designation-of-origin-claim.  See, e.g., Mattel, Inc. v. Arming, No. 18

Civ. 8824 (LAP), 2021 WL 3683871, at *5 (S.D.N.Y. Aug. 18, 2021) (reviewing false-

designation-of-origin and "passing off" claims under the same standard and granting default

judgment on both).  To state a claim for false designation of origin under the Lanham Act, a

plaintiff must establish "that it owns a valid trademark, that [defendant] used the trademark in

commerce, and that [defendant's] use of that mark is likely to cause confusion regarding the

source of the relevant product or services."  Lighting & Supplies, Inc. v. New Sunshine Energy

Sols. Inc., No. 20 Civ. 2790 (FB) (VMS), 2022 WL 771397 at *4 (E.D.N.Y. Feb. 10, 2022), report & recommendation adopted, 2022 WL 768302 (E.D.N.Y. Mar. 14, 2022).

Plaintiff did not allege that it owned a trademark upon which Defendant infringed. Plaintiff alleged that it is the assignee of the '947 Patent, but Plaintiff did not allege that it owned a trademark related to the same product. Although Plaintiff claimed that Defendant's passing off of the Lighten Life Cigar Glass is likely to confuse customers, claims for false designation of origin and trademark infringement "are both governed by the same legal standard," and identifying a trademark is a prerequisite to any such claim. Am. Auto. Ass'n, Inc. v. Limage, No. 15 Civ. 7386 (NGG) (MDG), 2016 WL 4508337, at *2 (E.D.N.Y. Aug. 26, 2016); A.M. Surgical, Inc. v. Akhtar, No. 15 Civ. 1318 (ADS) (SIL), 2016 WL 11543560, at *4 (E.D.N.Y. Apr. 19, 2016), report & recommendation adopted, 2016 WL 11543427 (E.D.N.Y. May 10, 2016) (analyzing whether plaintiff has a valid trademark before determining "whether [p]laintiff has sufficiently alleged a likelihood of confusion"). Because Plaintiff did not plead that it owns a valid trademark that Defendant used in commerce, it is respectfully recommended that the Court deny the motion for default judgment with respect to Plaintiff's Lanham Act claim with leave to file an amended complaint within 21 days of the adoption of this report and recommendation, if it is adopted, if Plaintiff can make the requisite factual allegations.

### iii.    Count III: New York State Unfair Competition

Plaintiff claimed that, for the same reasons as its Lanham Act claim, it is entitled to default judgment for unfair competition under New York law. See ECF Nos. 6 ¶¶ 41–50, 13-1 at 8. "The standards for unfair competition claims under . . . New York law are the same as those governing trademark infringement claims under the Lanham Act, 'except the common law [unfair-competition claim] requires a showing of bad faith or intent.'" Turn On Prods., Inc. v.

15

Almost Famous Apparel, LLC, No. 18 Civ. 625 (ILG) (RER), 2019 WL 2436297, at *3 (E.D.N.Y. Apr. 12, 2019) (quoting Fed. Exp. Corp. v. JetEx Mgmt. Servs., Inc., No. 13 Civ. 4431 (CBA) (RER), 2014 WL 4628910, at *3 (E.D.N.Y. May 8, 2014), report & recommendation adopted, 2014 WL 4628983 (E.D.N.Y. Sept. 15, 2014)) (further citations omitted).  Thus, Plaintiff's New York unfair-competition claim fails for the same reason given for the Lanham Act claim above, primarily that Plaintiff did not allege that it owns a trademark for the subject product or that it was infringed.  See supra, at section II(d)(ii).  It is therefore respectfully recommended that the motion for default judgment as to Plaintiff's New York unfair competition claim be denied with leave to file an amended complaint within 21 days of the adoption of this report and recommendation, if it is adopted, if Plaintiff can make the requisite factual allegations.

### iv.   Count IV: Deceptive Trade Practices Under N.Y. Gen. Bus. Law §§ 349 and 350

Plaintiff claims that Defendant's sale of the Lighten Life Cigar Glass constitute deceptive trade practices and false advertising under New York General Business Law §§ 349 and 350. See ECF Nos. 6 ¶¶ 51–55; 13-1 at 8–9.  Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a).  Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state."  Id. § 350.  "The standard for recovery under . . . § 350, while specific to false advertising, is otherwise identical to [§] 349, and therefore the Court will merge its analysis of the two claims."  Cosgrove v. Or. Chai, Inc., 520 F. Supp. 3d 562, 575 (S.D.N.Y. 2021) (internal quotation marks & citation omitted).  To state a claim under either section, "a plaintiff must allege: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the

16

plaintiff was injured as a result."  Electra v. 59 Murray Enters., 987 F.3d 233, 258 (2d Cir. 2021)

(internal quotation marks omitted).  Sections 349 and 350 are "consumer protection statutes,"

which corporate competitors have standing to enforce only in "certain limited circumstances."

Feel Better Kids, Inc. v. Kids in Need, Inc., No. 06 Civ. 23 (DRH) (AKT), 2012 WL 4483000, at

*8 (E.D.N.Y. Aug. 28, 2012), report & recommendation adopted, 2012 WL 4483874 (E.D.N.Y.

Sept. 27, 2012).  Sections 349 and 350 "allow[] recovery by non-consumers if there is 'some

harm to the public at large.'"  Grp. One Ltd. v. GTE GmbH, No. 20 Civ. 2205 (MKB) (JRC),

2022 WL 4010850, at *22 (E.D.N.Y. Sept. 2, 2022) (quoting Electra, 987 F.3d at 258).  Thus, for

a corporate competitor to "successfully state a claim" under Sections 349 and 350, "the

gravamen of the complaint must be consumer injury or harm to the public interest."  Id. (internal

quotation marks omitted).

      Here, Plaintiff did not allege any public harm, save for stating that Defendant's sale of

the Lighten Life Cigar Glass is "likely to cause confusion, mistake and deception for and to

consumers as to the source of Plaintiff's products."  ECF No. 6 ¶ 53.  Conclusory allegations

such as these are not enough to demonstrate liability under Sections 349 and 350.  See Grp. One,

2022 WL 4010850, at *22 (holding that conclusory allegations of harm to the public, without

specificity, fail to demonstrate liability under Sections 349 and 350); Daley, 2007 WL 7135707,

at *3–4 (holding that "conclusory allegations based on information and belief" will not suffice to

support a finding of default-based liability).  Plaintiff's further arguments that Defendant was

"unjustly enriched by sales" and "caused Plaintiff to suffer injuries" connect to Plaintiff's

business interests, rather than the public interest; thus they fail to plead a public harm.  See ECF

No. 6 ¶¶ 54–55; Sofa Dr., Inc. v. New York Couch Dr., Inc., No. 14 Civ. 5496 (PKC), 2016 WL

951523, at *3 (E.D.N.Y. Mar. 9, 2016) (dismissing Section 349 and 350 claims where "the

gravamen of [p]laintiff's [c]omplaint is harm to its own business interests arising from consumer confusion," rather than harm to the public interest).  It is therefore respectfully recommended that the Court deny Plaintiff's motion for default judgment as to the Section 349 and 350 claims, with leave to file an amended complaint within 21 days of the adoption of this report and recommendation, if it is adopted, if Plaintiff can make the requisite factual allegations.

### e.  Damages And Attorneys' Fees

If the complaint suffices to establish liability, the court is left to conduct an inquiry to establish damages to a "reasonable certainty." Credit Lyonnais Secs., 183 F.3d at 155 (citing Transatlantic Marine, 109 F.3d at 111).  "[A]lthough the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988), aff'd, 873 F.2d 38 (2d Cir. 1989).  The evidence a movant must provide with regards to damages is evidence that "the compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." Greyhound Exhibitgroup, 973 F.2d at 159 (citation omitted).

The Patent Act provides that "the court shall award [the patent owner] damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284.  The burden to prove damages in a case of patent infringement under § 271 belongs to the plaintiff. See Evriholder Prod., 2020 WL 7060336, at *8.  "[T]he calculation for patent infringement damages is based on the lost profits suffered by a plaintiff as a result of the patent infringement or the reasonable royalties on an infringer's sales if the plaintiff is unable to establish lost profits." Symbology Innovations, 2020 WL 9814098, at *5.  "If willful infringement is found, an award of treble damages up to three times the amount assessed by the court is also permitted." Id.  "A defendant's default may be

considered evidence of willful infringement," but courts require "an estimate of damages based on lost profits or reasonable royalties" before it can award treble damages.  Id.  The evidence a court may consider when making a damages determination includes "detailed affidavits and documentary evidence."  IPVX Pat. Holdings, Inc. v. Taridium, LLC, No. 12 Civ. 5251 (KAM) (SMG), 2014 WL 4437294, at *2 (E.D.N.Y. Aug. 6, 2014), report & recommendation adopted, 2014 WL 4437307.

Pursuant to 35 U.S.C § 285, the Court may award "reasonable attorney fees to the prevailing party," in exceptional cases.  35 U.S.C § 285.  The Supreme Court has explained that an "exceptional case"

> is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014).  Under this standard, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees."  Id. at 555.  When evaluating whether a case is "exceptional," district courts have "wide latitude" to "engage in a 'case-by-case exercise of their discretion, considering the totality of the circumstances.'"  4 Pillar Dynasty LLC v. N.Y. & Co., Inc., 933 F.3d 202, 215 (2d Cir. 2019) (quoting Octane Fitness, 572 U.S. at 554).  "Although the Second Circuit has not specifically addressed whether a default is considered unreasonable conduct under Octane Fitness, the Court shares the view of other courts in this district that a [d]efendant's default—standing alone—is not exceptional."  Antetokounmpo v. Costantino, No. 21 Civ.

17 2198 (JMF) (JLC), 2021 WL 5916512, at *7 (S.D.N.Y. Dec. 15, 2021) (collecting cases) (internal quotation marks omitted), report & recommendation adopted, 2022 WL 36232 (S.D.N.Y. Jan. 4, 2022); see Geographic Location Innovations LLC v. Bell & Ross, Inc., No. 21 Civ. 5535 (KPF) (JLC), 2022 WL 7748172, at *5 (S.D.N.Y. Oct. 11, 2022) ("The Court also agrees with those courts that have concluded that [a] failure to respond does not make the case exceptional, otherwise every default case would warrant attorney's fees, which is not supported by the statute.").  "To classify as an exceptional case, there must be more than an allegation of simple patent infringement, most commonly a demonstration of willful infringement by the defendant."  Display Techs., 2022 WL 354667, at *4.

In order to recover attorneys' fees, if eligible, a party must supply time records, which "specify, for each attorney, the date, the hours expended, and the nature of the work done."  N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see Sheet Metal Workers Nat'l Pension Fund v. Skye Sheet Metal, Inc., No. 08 Civ. 1315 (DRH) (AKT), 2010 WL 3119783, at *9 (E.D.N.Y. Jun. 22, 2010) ("A party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." (citation omitted)), report & recommendation adopted, 2010 WL 3119441 (E.D.N.Y. Aug. 5, 2010).  A plaintiff may recover "the costs of the action" if "adequate documentation" is provided to the court.  See 15 U.S.C. § 1117(a); Mitchell Grp. USA LLC, 2017 WL 9487193, at *11.

Here, the instant motion does not contain any legal argument as to Plaintiff's alleged entitlement to damages, attorneys' fees and costs, or the amount of any of these.  See ECF No. 13-1 at 11–12.  As to damages, Plaintiff does not select the theory on which it seeks damages—

lost profits or lost royalties.  See Display Techs., 2022 WL 354667, at *4–5 (declining to grant

plaintiff's requested damages because, although plaintiff showed entitlement to damages, it

failed to present evidence concerning the royalty rate, annual revenue or lost income);

Symbology Innovations, 2020 WL 9814098, at *5 ("While the method of calculation of damages

need not be precise, [calculating damages] is simply not possible without the provision of any

evidence by either party on which to base the calculations." (internal citation omitted)).  A

damages calculation "may not be based on mere speculation or guess," and Plaintiff has not

provided any evidence to show "the extent of the damages as a matter of just and reasonable

inference."  IPVX, 2014 WL 4437294, at *3 (internal quotation marks omitted).  Plaintiff has not

provided documentation to show lost profit, the number of Lighten Life Cigar Glasses Defendant

has sold, the amount of any reasonable amount of royalties due to Plaintiff as the patent holder,

or the specific timeframe as to which the Court should calculate damages.  See Symbology

Innovations, 2020 WL 9814098, at *5 (declining to grant request for damages where plaintiff

"ha[d] not provided an estimate of damages based on lost profits or reasonable royalties and has

not even specified the exact time period of infringement" in the complaint or motion papers).

Despite Plaintiff's omission, Plaintiff requests an inquest "to determine such an amount that this

Court deems proper."  See ECF No. 13-1 at 12.  Plaintiff's briefing does not indicate the nature

of the inquest or proffer what evidence the Court would consider.  Plaintiff has not stated what

documents it would seek from Defendant, if any, should an inquest be granted and Defendant

appear.  Without this information, scheduling an inquest at this time would not be a productive

endeavor.

 In addition, the Court respectfully recommends allowing Plaintiff to replead Counts II to

IV if it can.  If Plaintiff repleads but Defendant does not appear, Plaintiff would move for default

on these claims, the damages for which may overlap with those claimed for the patent infringement, depending on the theories Plaintiff pursued and the evidence offered.  Rather than conducting an inquest twice and possibly encountering duplicative damages requests, the Court believes damages should be determined in one proceeding on a properly briefed and evidentiarily supported record.

As for attorney's fees and costs, Plaintiff states that Defendant's infringement was "willful" and, therefore, the present case is an exceptional one warranting an award of attorney's fees and costs.  See ECF No. 13-1 at 11.  Aside from this conclusory statement, Defendant does not identify any factor aside from Defendant's default that could qualify this as an exceptional case.  See Am. Infertility of New York, P.C. v. Deep Blue Health New Zealand Ltd., No. 17 Civ. 5666 (PGG) (BCM), 2019 WL 10786023, at *9 (S.D.N.Y. Dec. 30, 2019), report & recommendation adopted, 2020 WL 4218261 (S.D.N.Y. July 23, 2020) (denying attorney's fees and costs because plaintiff failed to show any factor "beyond the simple fact of defendant's default" that made the case exceptional).  Plaintiff has also not offered any evidence as to how many hours Plaintiffs' attorney worked or the hourly rate.

In order for the Court to recommend damages and attorney's fees and costs, the Court would require a sufficient factual submission to determine the amount of damages, attorneys' fees and costs Plaintiff is due, if any.

Plaintiff states that it is entitled to "interest," in an unspecified amount, in the amended complaint.  ECF No. 6 at 14.  Plaintiff does not address this request in its default judgment motion but includes a paragraph in its proposed default order for an award of pre-judgment interest, with the rate and time period of infringement left blank.  See ECF No. 13-3 ¶ 17.  Under § 284, courts are permitted "wide discretion" in granting pre-judgment interest to a plaintiff.

IPVX, 2014 WL 4437294, at *4–5.  To the extent that Plaintiff seeks pre-judgment interest here, Plaintiff fails to specify the time period of infringement or the rate of interest requested.  See Symbology Innovations, 2020 WL 9814098, at *7 (denying request for pre-judgment interest without prejudice to renew upon submission of "more detail information concerning the relevant time period and corresponding prime rate" where plaintiff "failed to provide the specific time period of infringement" by defendant).  As with the damages, attorney's fees and costs, the Court is unable to calculate pre-judgment interest without additional factual submissions.

As noted above, the Court respectfully recommends that Plaintiff be permitted to file an amended complaint to cure the defects in its pleadings.  Should Plaintiff file an amended complaint and should Defendant fail to appear, any new motion for a default judgment and an award of damages, pre-judgment interest, and attorneys' fees and costs would need to be supported by legal argument and documentation.  See Greyhound Exhibitgroup, 973 F.2d at 159; N.Y. State Ass'n for Retarded Children, 711 F.2d at 1148; Mitchell Grp. USA LLC, 2017 WL 9487193, at *11.  Should Plaintiff not file an amended complaint, the Court respectfully recommends that Plaintiff be allowed to make a motion for damages, pre-judgment interest, and attorneys' fees and costs as to Count I, supported by the proper legal argument and documentation within 21 days of the adoption of this report and recommendation, if it is adopted, and that such motion be referred to the undersigned.

### f.   Injunctive Relief

Plaintiff requests an injunction "to prevent Defendant from further infringing the '947 Patent."  The relevant statute provides for injunctive relief "to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."  35 U.S.C. § 283.  A plaintiff seeking a permanent injunction on a motion for a default judgment must show that it is entitled

to injunctive relief under the applicable statutes and that it meets the prerequisites for issuance of an injunction.  See Brydge Techs., 2021 WL 1200316, at *5 (citing Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp., 954 F. Supp. 2d 145, 157 (E.D.N.Y. 2013)), report & recommendation adopted, 2021 WL 1193003 (E.D.N.Y. Mar. 30, 2021).  The requisites are: "(1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  eBav Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).  "These familiar principles apply with equal force to disputes arising under the Patent Act."  Id.  In the default context, the court relies on "the uncontroverted allegations set forth in [the] [p]laintiff's complaint" in determining if a permanent injunction is necessary.  Kiss Nail Prod., Inc. v. Shenzhen Jinri Elec. Appliance Co., No. 18 Civ. 5625 (PKC) (AYS), 2020 WL 4679631, at *7 (E.D.N.Y. July 23, 2020), report & recommendation adopted, 2020 WL 4676415 (E.D.N.Y. Aug. 12, 2020) (granting a permanent injunction after determining patent infringement liability on default judgment motion based upon allegations in plaintiff's complaint); Symbology Innovations, 2020 WL 9814098, at *6 (same).

The four factors set forth in eBay for granting a permanent injunction favor entering a permanent injunction against Defendant.  First, "[t]he irreparable injury prong and the inadequacy of money damages prong of the test are generally treated in tandem in the patent context."  Brydge Techs., 2021 WL 1200316, at *6.  Because "the primary value of a patent is the right to exclude others from using it, courts have found that a plaintiff will suffer irreparable injury as a result of continued infringement and thus, monetary damages are not adequate to prevent future infringement."  Symbology Innovations, 2020 WL 9814098, at *6.  Here, Plaintiff

has alleged a continuing infringement of the '947 Patent by Defendant. See ECF Nos. 6 ¶ 17–18, 13-1 at 6. The Court also relies on Plaintiff's unchallenged allegations that its reputation has suffered as a result of the infringement and its brand has been harmed as a result. See ECF No. 6 ¶ 33; Canon Inc. v. Yatengshang, No. 21 Civ. 1213 (KAM) (PK), 2022 WL 18135186, at *7 (E.D.N.Y. Aug. 12, 2022) (holding that plaintiff demonstrated irreparable injury and inadequacy of money damages by alleging it suffered "a loss of goodwill and injury to its reputation," because the "loss of market share, goodwill, and reputational harm to [p]laintiff as a result of [d]efendant's infringement is difficult to quantify"). Because Defendant has defaulted and does not contest Plaintiff's pleadings, the Court may rely on Plaintiff's uncontested allegation that the injury it suffered is "irreparable" but can be remedied through a permanent injunction. See ECF No. 6 ¶¶ 27, 30, 40; Symbology Innovations, 2020 WL 9814098, at *6 (granting injunction where plaintiff alleged that it will "continue to suffer irreparable injury for which monetary damages is not adequate compensation" because, absent an injunction, plaintiff "would be forced to expend time and resources to litigate each future infringement of its patent"). Plaintiff satisfies the first two factors.

As to the third factor, "[t]he balance of hardships clearly tips in plaintiff's favor where it has established irreparable harm, shown that the infringing conduct is likely to continue absent injunctive relief . . . ." Yatengshang, 2022 WL 18135186, at *7 (quoting Brydge Techs, 2021 WL 1200316, at *7). "Where the defendant defaults, as here, [a] court may infer . . . that [defendant] is willing to, or may continue its infringement absent injunctive relief." ChengDuXiang, 2022 WL 5175105, at *7 (internal quotation marks omitted). As stated above, Plaintiff alleged that it will suffer a hardship in the loss of good will and reputation should the

Court not issue an injunction, and there are no contrary allegations suggesting hardship on Defendant's part.  See ECF No. 6 ¶ 33.  This factor favors Plaintiff as well.

As to the final factor, "[t]here is a strong public policy favoring the enforcement of patent rights."  Brydge Techs, 2021 WL 1200316, at *7.  "[T]he public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors, especially when the patentee practices [its] inventions."  Yatengshang, 2022 WL 18135186, at *8 (internal quotation marks omitted).  Here, the public interest favors Plaintiff and its enforcement of its patent rights.  By denying the injunction, "much of the value of the patent would be lost, potentially emboldening infringers, and discouraging future scientific and research efforts concerning patents."  Symbology Innovations, 2020 WL 9814098, at *6.  Defendant has not presented an argument as to why its infringement serves the public interest, nor is it apparent from the record.  See ChengDuXiang, 2022 WL 5175105, at *8 ("While competition in the marketplace is good, the public generally does not benefit when that competition comes at the expense of a patentee's investment-backed property right." (internal quotation marks omitted)).

It is respectfully recommended that Plaintiff's request for a permanent injunction enjoining Defendants from infringing the '947 Patent be granted.

**III.    Conclusions**

For the reasons stated above, this Court respectfully recommends that the District Court grant Plaintiff's motion for default judgment with respect to liability on Count I under § 271(a) on the '947 Patent; deny without prejudice the motion with respect to Counts II, III, and IV; and grant a permanent injunction enjoining Defendant from infringing the '947 Patent.  The Court also respectfully recommends that Plaintiff be granted leave to file an amended complaint as to the claims as to which a default judgment on liability was denied within 21 days of the adoption

of this report and recommendation, if it is adopted.  If Plaintiff elects not to file an amended complaint, the Court respectfully recommends that, as to Count I, Plaintiff be granted leave to move for default judgment as to damages, prejudgment interest, attorneys' fees and costs within 21 days of the adoption of this report and recommendation, if it is adopted.  On any such motion, Plaintiff must submit appropriate documentation and legal briefing, as necessary and as required by the Local Rules.  Such motion should be referred to the undersigned.

**IV.    Objections**

This report and recommendation will be filed electronically.  The Court will mail a copy of this report and recommendation to Lighten Up Life Inc., 228 Park Ave. Suite #79525, New York, NY 10003 and Lighten Up Life Inc., c/o Yunxiao Zhao, 1060 Broadway Suite 3000, Albany, NY 12204.

Written objections to this report and recommendation must be filed with the Clerk of the Court within the time permitted after service of the report and recommendation, and in accordance with the Individual Rules of the District Judge.  Failure to file objections within fourteen days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.  See Miller v. Brightstar Asia, Ltd., 43 F. 4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate's recommended decision, it waives any right to further review of that decision" (internal citation & quotations omitted)).


Dated:  Brooklyn, New York
          January 31, 2023


                                        _Vera M. Scanlon_
                                        VERA M. SCANLON
                                        United States Magistrate Judge