IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GODINGER SILVER ART LTD., <br><br>    Plaintiff, <br><br>  v. <br><br> SHENZEN TANGSON HOUSEWARE CO. LTD. D/B/A AMAZON STOREFRONT HOME-SIGNATURE, and LIGHTEN UP LIFE INC., <br><br>    Defendants. | Civ. No.: 1:21-cv-02674-LDH-VMS |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR DAMAGES AND PREJUDGMENT INTEREST
AGAINST DEFENDANT LIGHTEN UP LIFE INC.**

**TABLE OF CONTENTS**

|      |                                                                    | Page |
|------|--------------------------------------------------------------------|------|
| I.   | INTRODUCTION AND PROCEDURAL HISTORY ....................................... | 1 |
| II.  | LEGAL STANDARD ................................................................ | 1 |
| III. | ARGUMENT ........................................................................... | 2 |
|      | A. Plaintiff's Profit Calculation Pursuant to Section 289 ................. | 2 |
|      | B. Prejudgment Interest Pursuant to Section 284 ........................... | 4 |
| IV.  | CONCLUSION ........................................................................ | 5 |

## TABLE OF AUTHORITIES

Page(s)

Cases

*Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*,
  1997 WL 83395 (S.D.N.Y. 1997) ................................................................................ 2

*Burberry Ltd. v. Euro Moda, Inc.*,
  2009 WL 4432678 (S.D.N.Y. Dec. 4, 2009) ............................................................ 4, 5

*Crescent Services, Inc. v. Michigan Vacuum Trucks, Inc.*,
  714 F.Supp.2d 425 (W.D.N.Y. 2010) ......................................................................... 2

*Evriholder Prod. LLC v. Simply LBS Ltd. Co.*,
  2020 WL 7060336 (S.D.N.Y. 2020) ........................................................................... 2

*Fallaci v. New Gazette Literary Corp.*,
  568 F. Supp. 1172 (S.D.N.Y.1983) ............................................................................ 4

*General Motors*,
  461 U.S. 648, (1983) ................................................................................................. 2

*IPVX Patent Holdings, Inc. v. Taridium, LLC*,
  2014 WL 4437294 (E.D.N.Y. 2014) ................................................................. 1, 2, 3

*Jack Schwartz Shoes, Inc. v. Skechers USA, Inc.*,
  233 F. Supp. 2d 512 (S.D.N.Y. 2002) ........................................................................ 2

*Keystone Global LLC v. Auto Essentials, Inc.*,
  2015 WL 224359 (S.D.N.Y. 2015) ......................................................................... 4, 5

*Mentor H/S, Inc. v. Med. Device All., Inc.*,
  244 F.3d 1365 (Fed. Cir. 2001) .................................................................................. 4

*Rates Technology Inc. v. Redfish Telemetris, Inc.*,
  2001 WL 1825854 (E.D.N.Y. 2001) ....................................................................... 2, 4

*Samsung Elecs. Co. v. Apple Inc.*,
  580 U.S. 53, 137 S. Ct. 429, 196 L. Ed. 2d 363 (2016) ............................................. 2

*Tiffany (NJ) Inc. v. Luban*,
  282 F. Supp. 2d 123 (S.D.N.Y. 2003) ........................................................................ 4

*Transmatic, Inc. v. Gulton Indus., Inc.*,
  53 F.3d 1270 (Fed. Cir. 1995) .................................................................................... 4

Statutes

35 U.S.C. § 284................................................................................................................ 1, 2, 4, 5

35 U.S.C. § 289............................................................................................................................ 2, 5

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Godinger Silver Art Ltd. ("Plaintiff" or "Godinger") is a New York corporation that specializes in handcrafted silver, pewter, crystal, and gift items, focusing on showcase pieces of craftsmanship. First Amended Complaint ("FAC") at ¶ 2. Godinger respectfully submits this memorandum of law in support of its motion for a monetary award of damages and/or profits and prejudgment interest against Defendant Lighten Up Life Inc. ("Defendant").

Having failed to timely answer, this Court entered a Notification of Default against Defendant as to Plaintiff's FAC filed on January 13, 2022, for patent infringement, unfair competition, and deceptive trade practices and false advertising. On January 31, 2023, the honorable Magistrate Judge Scanlon issued a report and recommendation (the "R&R") [ECF 23] which recommended that (1) that the Court grant Plaintiff's Motion for Default Judgment as to liability on Count I of the FAC, Infringement of U.S. Patent No. D846.947, and (2) that Plaintiff be granted leave to move for default judgment as to damages, pre-judgment interest, attorneys' fees, and costs. R&R at 26-27. In a text order dated February 17, 2023, the Honorable Judge Hall adopted the R&R. Therefore, Plaintiff submits this memorandum of law in support of its Motion for Damages, Pre-judgment Interest, and Treble Damages against Defendant.

## II. LEGAL STANDARD

Damages for patent infringement must be "adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." *IPVX Patent Holdings, Inc. v. Taridium, LLC*, 2014 WL 4437294, at *3 (E.D.N.Y. 2014) (Citing 35 U.S.C. § 284).

The damages calculation is sufficient if "the evidence show[s] the extent of the damages as a matter of just and reasonable inference, although the result be only approximate." *Id.* (citing *Crescent Services, Inc. v. Michigan Vacuum Trucks, Inc.*, 714 F.Supp.2d 425, 429 (W.D.N.Y. 2010)). Further, "and of particular pertinence here, '[w]hen damages cannot be ascertained with precision because the evidence available from the infringer is inadequate, any doubts must be resolved against the infringer.'" *IPVX*, 2014 WL 4437294, at *3 (citing *Rates Technology Inc. v. Redfish Telemetris, Inc.*, 2001 WL 1825854, at *3 (E.D.N.Y. 2001)). In cases where the defendant does not answer, "the determination of damages must be based solely on Plaintiff's submissions." *Rates*, 2001 WL 1825854, at *3.

35 U.S.C § 289 provides an additional remedy for the infringement of a design patent. Under § 289, an infringer of a design patent, such a Defendant, "shall be liable to the [patent] owner to the extent of his total profit."

"Pursuant to 35 U.S.C. § 284, prejudgment interest is ordinarily awarded, absent some justification for withholding such an award." *Rates*, 2001 WL 1825854, at *6 (citing *General Motors*, 461 U.S. 648, 656-657, (1983).

### III. ARGUMENT

#### A. <u>Plaintiff's Profit Calculation Pursuant to Section 289</u>

It is well settled that Section 289 gives a plaintiff the option of recovering, instead of reasonable royalty damages, "the total profit an infringer makes from the infringement." *Evriholder Prod. LLC v. Simply LBS Ltd. Co.*, No. 17CV4329RABCM, 2020 WL 7060336, at *6 (S.D.N.Y. 2020) (citing *Samsung Elecs. Co. v. Apple Inc.*, 580 U.S. 53, 137 S. Ct. 429, 434, 196 L. Ed. 2d 363 (2016)); *see also Jack Schwartz Shoes, Inc. v. Skechers USA, Inc.*, 233 F. Supp. 2d 512, 515 (S.D.N.Y. 2002) (same); *Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*, No. 96 CIV.

2

2717(DLC), 1997 WL 83395, at *5 (S.D.N.Y. 1997), *on reconsideration in part*, No. 96 CIV. 2717 (DLC), 1997 WL 232316 (S.D.N.Y. 1997) (same). Here, because Defendant has not appeared and therefore Plaintiff has not had the opportunity to conduct discovery, Plaintiff will use just and reasonable inferences based on its industry knowledge to determine Defendant's profits. *IPVX*, 2014 WL 4437294, at *3.

Plaintiff's methodology in determining Defendant's profits is based on the industry standard that for every 100 Amazon sales a storefront makes, the product receives one or two ratings. Declaration of Chaim Lefkowitz ("Lefkowitz Decl.") ¶ 7, Exs. A and B. Defendant had two listings of products infringing upon Plaintiff's patent, identified by ASINs B08GR2R7WK ("'7WK") and B08CXXVQTY ("'QTY"). Lefkowitz Decl. ¶ 5. As of April 3, 2023, Defendant's '7WK listing had 264 ratings. Lefkowitz Decl. ¶ 8, Ex. C. Therefore, Defendant's sales of the '7WK product are estimated to be between 13,200 and 26,400 units sold. Lefkowitz Decl. ¶ 9. As of April 3, 2023, the 'QTY listing had 254 ratings. Lefkowitz Decl. ¶ 10, Ex. D. Defendant's sales of the 'QTY product is thus estimated to be between 12,700 and 25,400 units sold. Lefkowitz Decl. ¶ 11.

Plaintiff can also estimate an average sale price for the infringing products sold at Defendant's 'QTY and '7KW listings. This can be estimated through an analysis of the historical price points of Plaintiff's products and competitor third party products, and by tracking the tracking the sales price of Defendant's 'QTY and '7KW listings before and during the litigation. Lefkowitz Decl. ¶ 13. Based on this historical data, Plaintiff estimates that Defendant sold the 'QTY whiskey glasses for an average price of $17.99 per unit and '7WK whiskey glasses for an average price of $15.99 per unit. Lefkowitz Decl. ¶ 13, Exs. E and F.

Plaintiff also estimates reasonable expenses attributable to the sales of infringing products sold at Defendant's 'QTY and '7KW listings. The first step is to address Amazon fees. Amazon charges sellers a 15% fee of the sale price and a fee of $4.25 to ship a product to the customer. Lefkowitz Decl. ¶ 12. Additionally, Plaintiff estimates that Defendant's expenses incurred by the 'QTY and '7WK products also including cost of manufacture, as well as duty and shipping cost, are no more than three dollars per unit sold. Lefkowitz Decl. ¶ 12.

Applying these expenses to the estimated average sale prices of $17.99 per unit for 'QTY whiskey glasses and $15.99 per unit '7WK whiskey glasses results in an estimated profit for Defendant of $8.04 per sale for the 'QTY listing and $6.34 for the '7WK listing. Lefkowitz Decl. ¶ 14.

Next, applying the average profit amount for Defendant's sales of the '7WK product to the estimated calculation of 13,200 and 26,400 units sold, results in a total estimated calculation of between $83,688.00 and $167,376.00 in gross profit . Lefkowitz Decl. ¶ 15. Then applying the average profit amount for Defendant's sales of the 'QTY product to the estimated calculation of 12,700 and 25,400 units sold, results in a total estimated calculation of between $102,108.00 and $204,216.00 in gross profit. Lefkowitz Decl. ¶ 16. Therefore, Plaintiff is entitled to Defendant's profits in the range of $185,796.00 to $371,562.00.

Because "any doubts must be resolved against the infringer.'" *IPVX*, 2014 WL 4437294, at *3, Plaintiff respectfully requests that the Court award Plaintiff the high end of the estimated range in the amount of $371,562.00.

B.      **Prejudgment Interest Pursuant to Section 284**

The Court should award prejudgment interest to the judgment amount pursuant to 35 U.S.C. § 284. "Pursuant to 35 U.S.C. § 284, prejudgment interest is ordinarily awarded, absent

some justification for withholding such an award." *Rates*, 2001 WL 1825854, at *6 (citing *General Motors*, 461 U.S. 648, 656-657, (1983). The actual determination of the interest rate and whether to award simple or compound interest are matters left to the court's discretion. *Id.* Nothing in § 289 section shall prevent, lessen, or impeach any other remedy which an owner of an infringed patent has under the provisions of this title, but he shall not twice recover the profit made from the infringement. 35 U.S.C § 289.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff moves this Court for an award of monetary damages, prejudgment interest to be determined by the Court, together with such further relief as this Court deems is just and proper.

Dated: April 3, 2023

By:   /s/ Michael Gabriel
Michael Gabriel, Esq.
**Bochner IP, PLLC**
295 Madison Ave., 12th Floor
New York, NY 10017
(646) 971-0685
*Attorney(s) for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document, **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DAMAGES AND PREJUDGMENT INTEREST AGAINST DEFENDANT LIGHTEN UP LIFE INC.**, was served by and through the U.S. Mail at the last known mailing address of Defendant.

Lighten Up Life Inc.
1060 Broadway Street
Suite 3000
Albany, New York 12204

Date: April 3, 2023                                         /s/ Abby N. Washburn
                                                             Abby N. Washburn