UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GODINGER SILVER ART LTD.,

                        Plaintiff,

-against-

SHENZEN TANGSON HOUSEWARE CO. LTD. D/B/A AMAZON STOREFRONT HOME-SIGNATURE, and LIGHTEN UP LIFE INC.,

                        Defendants.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

21-CV-2674 (LDH) (VMS)

---

LaSHANN DeARCY HALL, United States District Judge:

Godinger Silver Art Ltd. ("Plaintiff") brought this action against Lighten Up Life Inc. ("Defendant"), alleging that Defendant (1) infringed on Plaintiff's patent in violation of 35 U.S.C. § 271 ("Count I"), (2) committed federal unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A), ("Count II"), (3) committed unfair competition under New York common law, ("Count III"), and (4) violated N.Y. Gen. Bus. Law §§ 3494 and 3505 ("Count IV").

## BACKGROUND

Plaintiff, a New York corporation that specializes in crafted silver and crystal goods, is the assignee of U.S. Patent No. D846,947 (the "Patent"), which patented a drinking glass with a built-in cigar holder. (Am. Compl. ¶¶ 2, 11–12, ECF No. 6.) Defendant manufactures, markets, and sells the "Lighten Life Cigar Glass," consisting of a drinking glass with a built-in cigar holder identical to the patented drinking glass. (*Id.* ¶ 13.) Plaintiff claims that Defendant "ha[s] been aware of the Patent" and "ha[s] continued to infringe . . . with knowledge, understanding and appreciation of the Patent, and the rights it bestows upon Plaintiff." (*Id.* ¶¶ 16–17.) Plaintiff further claims that Defendant's continued sale of the Lighten Life Cigar Glass "evidence[s] a

1

willful and wanton disregard of Plaintiff's right vis-à-vis the '947 Patent and a desire to profit, without regard or respect for U.S. patent laws." (*Id.* ¶ 19.)

On April 15, 2022, Plaintiff moved for default judgment against Defendant, which has not appeared in this action. (Mot. Default Judgment, ECF No. 13.) On February 17, 2023, the Court adopted Magistrate Judge Vera M. Scanlon's report and recommendation recommending that the Court grant Plaintiff's Motion for Default Judgment with respect to Count I; deny without prejudice the Motion with respect to Counts II, III and IV with leave to replead; and grant a permanent injunction enjoining Defendant from infringing the Patent in the future. (R&R on Mot. Default Judgment at 2, ECF No. 23.)

On April 3, 2023, Plaintiff moved pursuant to 35 U.S.C. § 289, for damages based on Defendant's total profits made from the design patent infringement, and 35 U.S.C. § 284, for prejudgment interest against Defendant. (ECF No. 26.) The Court referred the motion to Magistrate Judge Scanlon on April 12, 2023. On February 23, 2024, Judge Scanlon issued a report and recommendation (the "R&R") recommending that the Court deny Plaintiff's motion for damages and prejudgment interest. (R&R at 15, ECF No. 28.) Specifically, Judge Scanlon found that Plaintiff failed to satisfy the Sixth Circuit's *Panduit* test, which Second Circuit courts have adopted to determine whether a patentee is entitled to lost-profit damages under Section 289. (*Id.*) On March 8, 2024, Plaintiff filed a timely objection. (Pl.'s Obj. R&R ("Pl.'s Obj."), ECF No. 29.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of those

2

portions of a report and recommendation to which a party submits a timely objection. 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, 'the district court need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

Section 289 of the Patent Act provides a damages remedy specific to design patent infringement. *Samsung Elecs. Co. v. Apple Inc.*, 580 U.S. 53, 55 (2016). The statute provides that "[w]hoever during the term of a patent for a design, without license of the owner . . . sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250." 35 U.S.C. § 289. That is, Section 289 allows a plaintiff to recover the total profit an infringer makes from the infringement. *Samsung*, 580 U.S. at 53. It is a plaintiff's burden to prove its damages. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F. 3d 1301, 1324 (Fed. Cir. 2009) ("The burden of proving damages falls on the patentee.") Typically, a plaintiff seeking a damages award under Section 289 must calculate the infringer's total profit made from the infringing product. *See Samsung*, 580 U.S. at 58-59. However, to the extent that damages cannot be precisely ascertained because the evidence available from the infringer is insufficient, any doubts must be resolved against the infringer. *Rates Tech. Inc. v. Redfish Telemetris, Inc.*, No. 99-CV-4644, 2001 WL 1825854, at *3 (E.D.N.Y. Dec. 20, 2001) (citing *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572 (Fed. Cir. 1996)). Nonetheless, damages may not be determined by mere speculation or guess. *IPVX Pat. Holdings, Inc. v. Taridium, LLC*, No. 12-CV-5251, 2014

3

WL 4437294, at *3 (E.D.N.Y. Aug. 6, 2014), *report and recommendation adopted*, No. 12-CV-5251, 2014 WL 4437307 (E.D.N.Y. Sept. 9, 2014).

Under the *Panduit* test, a patentee seeking lost-profit damages must prove "(1) demand for the patented product, (2) absence of acceptable non-infringing substitutes, (3) his manufacturing and marketing capability to exploit the demand, and (4) the amount of the profit he would have made." *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978). With respect to the first factor, demand for the patented product, Judge Scanlon found that Plaintiff's estimations of Defendant's sales figures failed to establish market demand for Defendant's infringing product. (R&R at 13.) As to the second factor, which evaluates the absence of non-infringing alternatives, Judge Scanlon found that Plaintiff offered no evidence suggesting that purchasers would have bought Plaintiff's product "but for" the presence of Defendant's infringing products on the market. (*Id.* at 14 (citing *Rosco, Inc. v. Mirror Lite Co.*, 626 F. Supp. 2d 319, 331–32 (E.D.N.Y. 2009)).) Regarding the third factor, Plaintiff's manufacturing and marketing capability, Judge Scanlon found that Plaintiff offered no evidence of its capacity to meet its hypothetical customers' demands or to locate the same or similar customers that Defendant allegedly found. (*Id*. at 14 (citing *TEK Glob., S.R.L. v. Sealant Syss. Int'l Inc.*, 920 F.3d 777, 790–91 (Fed. Cir. 2019)).) And as to the last factor, Judge Scanlon found that Plaintiff did not provide sufficient evidence "confirming that it would have made an additional, quantifiable profit from additional sales." (*Id*. at 14-15 (quoting *Bic Corp. v. First Prominence Co., Ltd.*, No. 00-CV-7155, 2001 WL 1597983, at *2 (S.D.N.Y. Dec. 10, 2001)).) Because any prejudgment interest would be calculated based on the damages award, Judge Scanlon found the request for interest premature and recommended that it be denied without prejudice. (R&R at 3.)

4

Plaintiff argues that Judge Scanlon applied an improper standard to evaluate Plaintiff's motion for damages, brought pursuant to 35 U.S.C. § 289, for Defendant's total profits. (*Id.* at 1.) Specifically, Plaintiff argues that the *Panduit* test, which is used to evaluate requests for lost-profits damages, should not have been used to analyze its motion for damages, brought pursuant to Section 289, for disgorgement of Defendant's total profits. The Court agrees. A total profits damages award is distinct from a lost profits remedy. *See Town & Country Linen Corp.*, No. 18-CV-5075, 2022 WL 2757643, at *18 n.11 (S.D.N.Y. July 14, 2022). Indeed, Section 289 explicitly authorizes the award of total profits made from infringement. 35 U.S.C. § 289; *see also Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1001–02 (Fed. Cir. 2015). The R&R correctly states that "Second Circuit courts have applied the Sixth Circuit's *Panduit* test to determine whether a patentee is entitled to *lost-profit* damages under Section 289." (R&R at 6 (citing *Town & Country. Linen Corp.*, 2022 WL 2757643, at *26).) (emphasis added). However, because Plaintiff advanced a total profits, rather than lost profits, theory of damages under Section 289, the *Panduit* factors are inapplicable here. Indeed, the *Town & Country Linen* court clarified that its "opinion does not address Plaintiffs' claim for damages under Section 289 of the patent statute, which provides an alternative measure of damages for claims of design patent infringement." *Town & Country Linen Corp.*, 2022 WL 2757643, at *18 n. 11.

Notwithstanding the Court's finding that the *Panduit* factors are inapplicable here, Plaintiff fails to provide adequate information for the Court to assess Defendant's total profits made from the infringement. The case law is clear that even where evidence of a defendant's total profits made from the infringement is limited, a damages calculation may not be based on "mere speculation or guess." *Crescent Servs., Inc. v. Michigan Vacuum Trucks, Inc.*, 714 F. Supp. 2d 425, 429 (W.D.N.Y. 2010). Plaintiff claims that because "Defendant has not appeared

5

and therefore Plaintiff has not had the opportunity to conduct discovery, Plaintiff [used] just and reasonable inferences based on its industry knowledge to determine Defendant's profits." (ECF No. 26-1 at 3). In support, Plaintiff submits the Declaration of Chaim Lefkowitz ("Lefkowitz Declaration"), Plaintiff's Chief Operating Officer. (*See* Lefkowitz Decl., ECF No. 26-2). Based on Declarant's "personal knowledge of the Amazon seller industry from [Declarant's] work for Plaintiff, including for whiskey glasses and whiskey glasses with cigar rests," (*id.* ¶ 6), the Declaration offers estimates of Defendant's profits per sale of the alleged infringing products and Defendant's total gross profits. (*Id.* ¶¶ 14–16.) The Declaration's calculations of Defendant's estimated sold units and gross profit are based on an estimation that "Amazon sellers generally receive 1 or 2 ratings per 100 products sold." (*Id.* ¶ 7.) However, as the R&R correctly found, the Declaration provides no basis for Declarant's knowledge that Amazon ratings and reviews can support an estimate of sales. It does not, for example, "cite to practices or materials from Amazon, vendor industry sales materials or even academic papers or case studies to substantiate its position." (R&R at 13.) Thus, Plaintiff has provided the Court with no basis to conclude that its estimation of Defendant's profits, based on Amazon reviews, reflects "the extent of the damages as a matter of just and reasonable inference." *Rates Tech. Inc.*, 2001 WL 1825854 at *3 (quoting *Lam, Inc. v. Johns–Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983)). Accordingly, Plaintiff's motion for damages based on Defendant's total profits is denied.

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED.  Plaintiff's motion for damages is DENIED with leave to renew with additional information to support its motion for damages pursuant to 35 U.S.C. § 289.

                                      SO ORDERED.

Dated: Brooklyn, New York                  /s/ LDH
       September 30, 2024                   LaSHANN DeARCY HALL
                                         United States District Judge